UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL J.A. WEBB,
    Plaintiff,

v.                                                   No. 3:19-cv-459 (SRU)

MARK FRAYNE, et al.
    Defendants.

## ORDER OF DISMISSAL

On March 27, 2019, Daniel J.A. Webb, an inmate currently confined at the Northern Correctional Institution in Somers, Connecticut, brought a complaint *pro se* and *in forma pauperis* under title 42, section 1983 of the United States Code against four Connecticut Department of Correction ("DOC") officials, Dr. Mark Frayne, Captain Jason Cahill, Lieutenant Catherine A. Osten, Correction Officer Kevin L. Brace, and one former state representative, Karen Jarmoc, in their individual and official capacities. Compl., Doc. No. 1. Webb seeks damages against the defendants for violations of his Fourteenth Amendment rights to due process and equal protection of the laws and various state laws concerning the public disclosure of his mental health records. On April 23, 2019, Magistrate Judge William I. Garfinkel granted Webb's motion to proceed *in forma pauperis*. *See* Order, Doc. No. 8. For the following reasons, the complaint is dismissed.

    I.      Standard of Review

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include

sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II.  Factual and Procedural Background

Webb's constitutional and state law claims stem from a series of events that occurred between November 2009 and March 2010, during which the defendants made unauthorized disclosures of Webb's psychiatric records and communications to DOC officials who were not privy to such records and members of the media. Specifically, he alleges that Dr. Frayne sent an e-mail to other DOC officials, falsely stating that he "had his sights set on" Captain Cahill, and Cahill disclosed some of his mental health records he received from Frayne to Lieutenant Osten, the president of the union for DOC employees. *See* Compl., Doc. No. 1 at ¶¶ 15-26. Osten and Officer Brace then shared the information obtained by Frayne and Cahill to various news outlets and to Representative Jarmoc, who in turn shared the information with the Connecticut General Assembly. *See id.* at ¶¶ 148-50. The events led to a DOC investigation, which ended in sanctions against Cahill and Osten. *See id.* at ¶ 155. Webb is now suing the defendants for violating his rights to due process and equal protection of the laws under the Fourteenth Amendment, negligence, negligent infliction of emotional distress, invasion of privacy,

2

"unreasonable publicity," "intrusion upon seclusion," defamation, and libel. *See* Compl., Doc. No. 1.

As Webb states in his complaint, he has another civil action pending in this Court against Cahill, Brace, and several other state officials. *Webb v. Armstrong*, No. 3:11-CV-1557 (RNC). Webb has raised the same set of claims in that case regarding the disclosure of his medical information to unlicensed third parties, the public, and news outlets in March of 2010. *See id.*, Am. Compl, Doc. No. 95 at ¶¶ 95-108; Tr. of Oral Arg. 2/28/18. Doc. No. 200. The defendants in that case have moved for summary judgment on those claims for failure to exhaust administrative remedies. *Id.*, Mem. of Law in Supp. of Defs.' Mot. for Summ. J., Doc. No. 182-21, 2. The district court has not yet issued a written memorandum of decision on the motion.

Webb also filed a civil complaint in state court on May 26, 2017 against Frayne, Cahill, Osten, Brace, and other state officials, in which he states many of the same claims raised in this complaint. *Webb v. Ducate*, No. TTD-CV17-5007466-S (Conn. Super. Ct. May 26, 2017). The state court dismissed that complaint for lack of personal jurisdiction because Webb failed to comply with mandatory service requirements. *Id.*, Mem. of Decision on Mot. to Dismiss, Doc. No. 132. Webb filed another civil action in state court on September 18, 2018 against the same defendants, alleging the same facts and stating the same legal claims. *Webb v. Frayne*, No. TTD-CV18-5010745-S (Conn. Super. Ct. Sept. 18, 2018). The defendants moved to dismiss that case on grounds of insufficient service of process, lack of personal jurisdiction, and sovereign immunity; *id.*, Mot. to Dismiss, Doc. No. 106; which the state court granted. *Id.*, J. of Dismissal, Doc. No. 121.

III. Analysis

In this case, the only federal constitutional claim that Webb makes is that the dissemination of his psychiatric records violated his Fourteenth Amendment rights to due process and equal protection of the laws. *See* Compl., Doc. No. 1 at ¶ 150. The Second Circuit has recognized a "constitutional right to privacy in personal information." *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994). That constitutional right "extends in a limited way to prisoners" through the Due Process Clause of the Fourteenth Amendment. *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 64 (2d Cir. 2011). However, that constitutional right has only been applied in limited cases, typically those involving the unnecessary disclosure of an unusual medical condition which "would likely expose an inmate to ridicule, discrimination, or even potential violence . . . ." *Gibson v. Rosati*, 2016 WL 11478234, at *4 (N.D.N.Y. May 19, 2016) (quoting *Williams v. Perlman*, 2009 WL 1652193, at *11 (N.D.N.Y. Feb. 5, 2009)); *see also Khalfani v. Secretary, Dep't of Veterans Affairs*, No. 94-CV-5270 (JG), 1999 WL 138247, at *6 (E.D.N.Y. Mar. 10, 1999) (distinguishing between "deeply personal" medical records and "mundane" medical information). It is not clear whether that constitutional right would apply in this case, where Webb's claim involves the disclosure of e-mails, which "contain[ed] aspects of [his] confidential mental health psychological assessments . . . and other confidential information obtained from his personal data files." Compl., Doc. No. 1 at ¶ 145.

Nevertheless, Webb's federal claim is barred under the three-year statute of limitations set forth in *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). There, the Second Circuit held that claims for violations of constitutional rights under section 1983 are governed by the three-year statute of limitations under section 52-577 of the Connecticut General Statutes. *Id.*

4

The events that gave rise to the claims stated in this complaint occurred between November 2009 and March 2010, well-beyond the three-year limitations period.

Webb argues that the limitations period should be tolled because he did not discover his claims until he deposed the defendants in his other pending federal case. *See* Compl., Doc. No. 1 at ¶ 2. However, my review of the docket in that case shows that Webb had sufficient information about the claims to file an amended complaint against Cahill, Brace, and other state officials on April 3, 2015, nearly four years before the filing of the instant complaint. *See* Am. Compl., Doc. No. 95, *Webb v. Armstrong*, No. 3:11-CV-1557.

Webb also contends that the limitations period should be tolled for the time he spent litigating the claims in state court, but section 52-577 does not provide for tolling of the statute of limitations during a state civil proceeding. *Harnage v. Torres*, 665 F. App'x 82, 83-84 (2d Cir. 2016); *see also Tavares v. New York City Health and Hospitals Corp.*, 2015 WL 158863, at *9 (S.D.N.Y. Jan. 13, 2015) (rejecting argument that filing medical malpractice action in state court tolls statute of limitations for federal case); *Cancel v. Mazzuca*, 2003 WL 1702011, at *3 (S.D.N.Y. Mar. 28, 2003) (rejecting argument that federal court is required to toll limitations period for time spent pursuing state court remedy). Therefore, I conclude that the federal claim remains time-barred, and Webb's argument for tolling of the statute of limitations is without merit.[1]

**ORDER**

The complaint is **DISMISSED** as time-barred under the statute of limitations. Because

---

[1] Without a federal claim, Webb's remaining state-law claims would ordinarily be remanded to state court; however, his state-law claims are also barred by the applicable statutes of limitations. *See* Conn. Gen. Stat. § 52-584 (three-year statute of limitations for negligence actions); Conn. Gen. Stat. § 52-577 (three-year statute of limitations for all tort actions); Conn. Gen. Stat. § 52-597 (two-year statute of limitations for defamation actions). Therefore, rather than remand the case, the entire complaint is dismissed with prejudice.

any further attempt to amend the complaint would be futile, the case is dismissed **with prejudice**. The clerk is directed to enter judgment in favor of the defendants and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of July 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge